IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 3:14-cr-00604-JFA |
| v. | |
| STEVEN LAMONT SHEARD | **PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this 22 day of December, 2015, between the United States of America, as represented by United States Attorney WILLIAM N. NETTLES, Assistant United States Attorney JD Rowell; the Defendant, **STEVEN LAMONT SHEARD** and Defendant's attorney, J Christopher Mills.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Count 1 of the Superseding Indictment now pending, which charges "conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine," a violation of Title 21, United States Code, § 846 (Count 1).

In order to sustain its burden of proof, the Government is required to prove the following:

### Count 1

1. The conspiracy described in the Superseding Indictment to distribute the charged amount of controlled

substances was willfully formed and was existing at or about the alleged time;

2. The defendant willfully became a member of the conspiracy; and

3. The defendant distributed a quantity of a controlled substance(s) equal to or in excess of the amount charged in Count 1, agreed to assist in the distribution of a quantity of controlled substance(s) equal to or in excess of the amount charged in Count 1, or the distribution of the threshold quantity of controlled substance(s) equal to or in excess of the amount charged in Count 1 was reasonably foreseeable to the defendant and same was within the scope of the defendant's agreement and understanding.

The penalty for this offense is:

21 USC 841(a)(1), (b)(1)(A) - in a case involving 5 kilograms or more of cocaine and no prior felony drug convictions - a minimum term of imprisonment of 10 years and a maximum term of life imprisonment, no probation, no parole, a fine of $10,000,000 and a term of supervised release of at least five (5) years in addition to any term of imprisonment, plus a special assessment of $100.

2. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets

of the defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    A.    Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

    B.    Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Second Superseding Indictment [and any other indictments under this number] at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Guidelines.

4. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this

case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

### Cooperation and Forfeiture

5. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within

this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

    a. the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above;

    b. all additional charges known to the Government may be filed in the appropriate district;

    c. the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

    d. the Government will use any and all information and testimony provided by the Defendant pursuant to this Agreement, or any prior proffer agreements, in the prosecution of the Defendant of all charges.

6. The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that his refusal to take or his failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

7. The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

    a. known to the Government prior to the date of this Agreement;

    b. concerning the existence of prior convictions and sentences;

    c. in a prosecution for perjury or giving a false statement; or

    d. in the event the Defendant breaches any of the terms of the Plea Agreement.

8. Provided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person, the Government agrees to move the Court for a downward departure or reduction of sentence pursuant to United States Sentencing Guidelines §5K1.1, Title 18, United States Code, § 3553(e) or Federal Rule of Criminal Procedure 35(b). Any such motion by the Government is not

binding upon the Court, and should the Court deny the motion, the Defendant will have no right to withdraw his plea.

9. The defendant agrees to voluntarily surrender and not contest the forfeiture of property identified in the Superseding Indictment, and any forfeiture Bill of Particulars, and a money judgment in the amount of $100,000.00, representing the amount of gross proceeds of the offense(s) of conviction. Following the entry of this plea agreement, defendant agrees to the Court's prompt entry of a Preliminary Order of Forfeiture incorporating a money judgment as mandated by Fed.R.Crim.P. 32.2, which shall in any event, be submitted for entry before sentencing. Defendant acknowledges that he understands that the entry of a forfeiture money judgment is part of the sentence that will be imposed in this case, and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J) or otherwise, at any time his guilty plea is accepted.

The Defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The Defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner

(including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment. To its forfeiture herein, if necessary as substitute property under 21 U.S.C. § 853(p), as made applicable by 18 U.S.C. § 982(b)(1) or any other statute, or in a separate administrative or civil judicial proceeding. The Defendant agrees to assist the United States in the recovery of these assets by (i) taking whatever steps are necessary or requested by the United States to pass clear title to the United States; (ii) preventing the disbursement of any moneys and sale of any property or assets; (iii) not encumbering or transferring any real estate after the Defendant's signing of this Plea Agreement; and (iv) directing all financial institutions to turn over and surrender to the United States all funds and records regarding accounts listed in any document signed by the Defendant pursuant to this plea agreement, as criminal proceeds or substitute property.

The Defendant waives all rights to notice of forfeiture under Rule 32.2 and of any other action or proceeding regarding such assets. The Defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the Defendant is hereby withdrawn.

Pursuant to Rule 32.2(b)(4), the Defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the Defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the Defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

If the United States discovers that the Defendant has not fully disclosed all assets, the United States may seek forfeiture of any subsequently-discovered assets, and the Defendant agrees to the immediate forfeiture of any such assets.

The Defendant further agrees to make a full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by nominees. The Defendant agrees that Federal Rule of Criminal Procedure 11 and U.S.S.G. § 1B1.8 will not protect from

forfeiture, assets disclosed by the Defendant as part of his cooperation. The Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States.

The Defendant agrees to waive any double jeopardy claims the Defendant may have as a result of a forfeiture proceeding against any of these properties as provided for by this Plea Agreement and agrees to waive any claims that the forfeiture described herein constitutes an excessive fine.

Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture. The United States may use the value of forfeited property for restitution, but is not required to do so.

The assets to be forfeited specifically include, but are not limited to, a money judgment representing the amount of gross proceeds of the offense(s) of conviction.

The Defendant agrees that the United States shall, at its option, be entitled to the forfeiture of any property (substitute assets) of the Defendant up to the value of the money judgment. The Court shall retain jurisdiction to settle any disputes arising from application of this

clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the Defendant's sentence.

The Defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the Defendant's sentencing. The Defendant agrees to take all steps necessary to assist the government in obtaining clear title to any substitute assets before the Defendant's sentencing. In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

### Merger and Other Provisions

10. The Defendant represents to the court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Superseding Indictment including the existence of any exculpatory or

favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

11. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. (This waiver does not apply to claims of ineffective assistance of counsel or

prosecutorial misconduct raised pursuant to 28 U.S.C. § 2255.)

12. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

13. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

| | |
|---|---|
| 12-21-15<br>Date | *[signature]*<br>**STEVEN LAMONT SHEARD, DEFENDANT** |
| 12/21/15<br>DATE | *[signature]*<br>J Christopher Mills<br>ATTORNEY FOR THE DEFENDANT |
| 12.22.15<br>Date | WILLIAM N. NETTLES<br>UNITED STATES ATTORNEY<br>*[signature]*<br>JD ROWELL (#09802)<br>ASSISTANT UNITED STATES ATTORNEY |

-14-